# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                        No. CR 20-1627 JB

ANTONIO QUINTANA-PENA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' First Amended Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) and <u>Res Gestae</u>, filed December 18, 2024 (Doc. 145)("404(b) Notice")). The charges in the Superseding Indictment, filed December 20, 2022 (Doc. 52)("Indictment"), are as follows.

**Count 1 (Antonio Quintana-Pena) -- 21 U.S.C. §§ 841(a)(1) and (b)(1)(B):** Possession with intent to distribute a controlled substance, 100 grams and more of a mixture and substance containing a detectable amount of heroin, on or about July 8, 2020.

**Count 2 (Quintana-Pena) -- 18 U.S.C. § 924(c)(1)(A)(i):** Possession of a firearm in furtherance of a drug trafficking crime, specifically, possession with intent to distribute heroin, as charged in Count 1; on or about July 8, 2020.

**Count 3 (Quintana-Pena) -- 18 U.S.C. §§ 922(g)(1) and 924:** Felon in possession of a firearm and ammunition in and affecting interstate commerce, on or about July 8, 2020. The predicate felonies are vehicular homicide and felon in possession of a firearm.

**Count 4 (Quintana-Pena and Tamra Wallace -- 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2:** Possession with intent to distribute a controlled substance, 50 grams and more

of methamphetamine, on or about November 19, 2020.

**Count 5 (Quintana-Pena) -- 18 U.S.C. § 924(c)(1)(A)(i):** Possession of a firearm in furtherance of a drug trafficking crime, specifically, possession with intent to distribute methamphetamine, as charged in Count 4, on or about November 19, 2020.

**Count 7 (Quintana-Pena) -- 18 U.S.C. §§ 922(g)(1) and 924:** Felon in possession of a firearm and ammunition in and affecting interstate commerce, on or about November 19, 2020. The predicate felonies are vehicular homicide and felon in possession of a firearm.

The Court holds:

| Proposed Exhibit | Ruling |
|---|---|
| **Description of exhibit:** June 22, 2020, Selfie Video, Exhibit 1, Trial Exhibit 11<br><br>**Date**: June 22, 2020<br><br>**Basis for admission**: Fed. R. Evid. 401; 402<br><br>**Objection**: none made | This exhibit is a picture -- a "selfie" -- of the Defendant that originates from a Samsung Galaxy cellular telephone; officers found this telephone in the car where they arrested Quintana-Pena on April 22, 2020.  The FBI obtained a warrant to search the device, and extracted its contents.<br><br>This selfie is admissible pursuant to rules 401 and 402, because it makes the fact that Quintana-Pena possessed and used the Samsung Galaxy telephone more probable.  The chain of relevance is: a cellular telephone containing a photograph of an individual from an angle indicating that individual, himself, took the photograph, makes it more likely that the individual possesses and uses the telephone. Rule 404(b) is not applicable to this picture's admissibility, because the picture does not constitute evidence of a crime, wrong, or other act. See Fed. R. Evid. 404(b). |
| **Description of exhibit:** June 19, 2020, Rifle Photograph (rifle posed alone on counter), Exhibit 2, Trial Exhibit 12<br><br>**Date**: June 22, 2020<br><br>**Basis for admission:** Fed. R. Evid. 401; | This exhibit is a picture of a rifle posed by itself on a dwelling's countertop. This picture originates from the Samsung Galaxy cellular telephone. The picture is admissible pursuant to rules 401 and 402, because it makes it more probable that Quintana-Pena knowingly possessed firearms.  It is also admissible, moreover, pursuant to rule |

| | |
|---|---|
| 402; 404(b)<br><br>Objection: **none made** | 404(b).  The indictment alleges that Quintana-Pena possessed a firearm on or about July 8, 2020. To the extent that a June 22, 2020, picture falls outside of the indictment's scope regarding when the Quintana-Pena possessed a firearm, the picture is evidence of another crime -- possessing a firearm on an earlier occasion than what the indictment alleges.  Accordingly, it falls within rule 404(b)(1)'s scope.  <u>See</u> Fed. R. Evid. 404(b)(1).  It is admissible, nonetheless, pursuant to rule 404(b)(2), because it is offered to prove the Defendant's knowing possession of the firearm. <u>See</u> Fed. R. Evid. 404(b)(2)(listing "knowledge" as a permitted use for evidence of a defendant's other crimes). |
| **Description of exhibit:** July 1, 2020 Rifle Photograph, Exhibit 3, Trial Exhibit 13<br><br>**Date**: July 1, 2020<br><br>**Basis for admission:** Fed. R. Evid. 401; 402<br><br>**Objection:** none made | This exhibit is a photograph of a rifle placed on a chair, along with another firearm; this second firearm appears to have an extended magazine. The picture originates from the Samsung Galaxy cellular telephone.  This picture is relevant, because it makes it more probable that Quintana-Pena possessed firearms.  The Supreme Court instructs courts to calculate, however, an item of evidence's probative value -- pursuant to rule 403 -- "by comparing evidentiary alternatives."  <u>Old Chief v. United States,</u> 519 U.S. 172, 184 (1997)("<u>Old Chief</u>").  The photograph that constitutes this exhibit depicts an additional gun besides the rifle recovered on November 19, 2020. The second gun's presence in the photograph increases the photo's "unfairly prejudicial risk," because it increases the likelihood that the jury will find Quintana-Pena guilty "on a ground different from proof specific to the offense charged."  <u>Old Chief</u>, 519 U.S. at 180, 183.  Specifically, a jury's emotional reaction to the second gun's presence -- the second gun is large and menacing-looking -- could lead it to determine that Quintana-Pena is a bad person who deserves punishment, even if it is uncertain of his guilt.  <u>See</u> <u>Old Chief</u>, 519 U.S. at 181.<br><br>In comparison, the preceding photograph, which depicts the rifle alone, possesses the same degree of probative value as this photograph, because it, too, makes it more likely that Quintana- |

| | |
|---|---|
| | Pena possessed the rifle.  Because it depicts only one firearm, however, it does not pose any undue risk of unfair prejudice.  Moreover, given that the United States has one photograph, it can use that; under rule 403, the second, two-gun photograph is cumulative and more prejudicial.  Accordingly, given that both photographs have the same probative value, but this photograph has a substantially higher risk of unfair prejudice, the Court deems this photograph inadmissible pursuant to rule 403, because the danger of unfair prejudice substantially outweighs its probative value; also, it is cumulative. <u>See</u> Fed. R. Evid. 403; <u>Old Chief</u>, 519 U.S. at 182-83 ("If an alternative were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if its discounted probative value were substantially outweighed by unfairly prejudicial risk."). |
| **Description of exhibit:** June 19, 2020, Text Message from the Defendant to "Desirey," Exhibit 4, Trial Exhibit 13a <br><br> **Date:** June 19, 2020 <br><br> **Basis for admission:** Fed. R. Evid. 401; 402 <br><br> **Objection:** none made |     This exhibit is a text message recovered from the Samsung Galaxy cellular telephone.  The text message is sent to "Desirey."  The text message states: "Hey this is Antonio."  This exhibit is admissible pursuant to rules 401 and 402.  The message makes it more likely that Quintana-Pena is the user of the Samsung Galaxy phone, because the individual who sent the text identifies himself as Antonio, which is Quintana-Pena's first name. |
| **Description of exhibit:** June 23, 2020, Text Message from the Defendant to 505-395-8043, Exhibit 5, Trial Exhibit 13b <br><br> **Date**: June 23, 2020 <br><br> **Basis for admission**: Fed. R. Evid. 401; 402 <br><br> **Objection**: none made |     This exhibit is a text message from the Samsung Galaxy cellular telephone's user to an unknown person at 505-395-8043.  The text message states: <br><br>       I gave that to show u how pinche yr being and that's where yr wrong I've never taken x so I was actually going to take them fyi so go ahead and try and get Rick off yr lil pills the only difference is I got the best shit in town and to wax the plug when |

| | |
|---|---|
| | ive always hooked u up except this one time cause trying to wax me 18$ is out if hand but it's cool gracias we could make a lot of money if u guys were willing to negotiate and u know my stashes r never pinche except this time bit honestly they both still weighed more then a 10 which yr lucky cause most people won't even meet u for anything at that time especially for 20 pinche dollars<br><br>Exhibit 13b.  This exhibit is admissible pursuant to rules 401 and 402, because the statements "I got the best shit in town" and "we could make a lot of money if u guys were willing to negotiate" make it more likely that Quintana-Pena dealt drugs. Nonetheless, the Court excludes this evidence, because it is cumulative of the intent evidence in the United States' Trial Exhibits 16, 18, and 19. Exhibits 16, 18, and 19 are less prejudicial evidentiary alternatives to this exhibit.  Therefore, the Court excludes it. |
| **Description of exhibit:** June 30, 2020, Text Conversation with Des, Exhibit 6, Trial Exhibit 13c<br><br>**Date:** June 30, 2020<br><br>**Basis for admission:** Fed. R. Evid. 401; 402<br><br>**Objection:** none made | This exhibit is a series of text messages between the Samsung Galaxy's user and "Des," in which the Samsung Galaxy's user refers to "the maxima."  This exhibit is admissible pursuant to rules 401 and 402, because it makes it more likely that Quintana-Pena possessed the car in which police stopped him on more than one occasion, even if he was not his legal owner. |
| **Description of exhibit:** June 21, 2020, Text Message to "tivs," Exhibit 7, Trial Exhibit 13d<br>**Date:** June 21, 2020<br>**Basis for admission:** Fed. R. Evid. 401; 402; 404(b)(2)<br>**Objection:** none made | This exhibit is a text message from the Samsung Galaxy's user to "tivs," stating: "Hey baby will u check ur bed for my gun real quick."  This exhibit is admissible pursuant to rules 401 and 402, because it makes it more likely that Quintana-Pena knowingly and intentionally possessed firearms.  To the extent that a June 21, 2020, text message falls outside of the indictment's scope, the text message is admissible |

| | |
|---|---|
| | pursuant to rule 404(b).  The text message evinces another crime, felon in possession of a firearm, but rule 404(b) permits evidence of other crimes offered to show knowledge and intent.  <u>See</u> Fed. R. Evid. 404(b)(2).  Here, the text message goes to Quintana-Pena's state of mind pertaining to his gun possession, and tends to demonstrate that he possessed firearms intentionally and knowingly. |
| **Description of exhibit:** June 26, 2020, Text Message to "Erica13," Exhibit 8, Trial Exhibit 13e<br><br>**Date:** June 26, 2020<br><br>**Basis for admission**: Fed. R. Evid. 401; 402<br><br>**Objection:** none made | This exhibit is a text message from the Samsung Galaxy's user to "Erica13" at 505-469-8852, which states:<br><br>Cool I always got kill so if yr trying to sell dubs and like 3 peices y ru hitting me up I need ounces and pounds and if u can't beat 650 a zip don't even bother not to b fucked up but I'm not no phene ass fool fy<br><br>Exhibit 13e.   This text message is admissible pursuant to rules 401 and 402, because its coded references to drug trafficking make it more likely that Quintana-Pena intended to distribute the drugs found in his possession on July 8, 2020.  Nonetheless, the Court excludes this evidence, because it is cumulative of the intent evidence in the United States' Trial Exhibits 16, 18, and 19.  Exhibits 16, 18, and 19 are less prejudicial evidentiary alternatives to this exhibit.  Therefore, the Court excludes it. |
| **Description of exhibit:** June 18, 2020, Text Messages with "Chente," Exhibit 9, Trial Exhibit 14<br><br>**Date**: June 18, 2020<br><br>**Basis for admission**: Fed. R. Evid. 401; 402<br><br>**Objection**: none made | This exhibit is a series of text messages from the Samsung Galaxy's user to "chente" at 505-629-3853.  The text chain proceeds as follows, with "SG" indicating the Samsung Galaxy user's texts, and "C" indicating Chente's texts:<br><br>SG:   Hey has he called u yet to re-up if he does we're going to get him this time for everything brother and ru ready yet<br><br>SG:   What's up brother what's the word |

C:      See u in the am

C:      Think we good

SG:     Hey so what's up u still fucking with leanord that's what I heard anyways and u haven't been hitting me up so what's really going on g what's the word in that c brother r we good or no

SG:     And those blues

C:      Come by

C:      So we can do that

C:      I didn't do nothing cuz of fothers day we went out jus got back

C:      But I'm ready to get going hit me up

SG:     So u have it I got my kids but I can go by yr house and rap to u if want but I'll have my kids if that's cool

C:      It's ok

SG:     K I'll roll by

C:      Cool

SG:     Im on my way

C:      Ok

SG:     I'm here brother

SG:     What's the word bridget

SG:    What's that g

SG:    So what's up what
       happened

C:    Call u in 30 g

SG:    K

SG:    What's up with those
       light blues

SG:    ?

C:    Call me in 1 hr

C:    This phone sucks

C:    Ey brother call me when
      you get a chance

SG:    What's up brother

C:    Can u come by?????

SG:    Yes give me Like 20 min
       k

C:    All right

SG:    K

SG:    Spenca  I'm going now
       brother k

C:    Go in 40 I'm eating

SG:    I'll be right there k

SG:    If that's ok

C:    Ok

SG:    Hey do u have any of

those fet pills

SG:    What's there word

Exhibit 14.  The United States asserts that these messages "tend to show that Defendant possessed firearms in furtherance of drug trafficking." 404(b) Notice at 9.  The Court disagrees with the United States' theory of relevance.  None of the messages mention firearms or refer to using firearms, so there is no starting point for a chain of inferences that leads to the conclusion that Quintana-Pena possessed firearms in furtherance of drug trafficking.    Rule 401's standard for relevance, however, "is quite generous."  United States v. Oldbear, 568 F.3d 814, 821 (10th Cir. 2009)("Oldbear").  While this exhibit's messages may not tend to make the fact Quintana-Pena possessed a firearm in furtherance of drug trafficking more likely, the messages make it more likely that Quintana-Pena trafficked drugs. The Samsung Galaxy user's statement that "u haven't been hitting me up," along with the user's mentions of "blues" and "fet pills," tends to make it more likely that Quintana-Pena deals drugs.  The jury could infer that "u haven't been hitting me up" could refer to Chente contracting Quintana-Pena for drugs sales; the references to "blues" and "fet pills" bolster this inference.  This inference, that Quintana-Pena sells "blues" and "fet pills," leads to a second inference: a person who deals one drug is more likely to deal other drugs, in this case, methamphetamine and heroin.  Accordingly, the Court concludes that the text messages are relevant, pursuant to rules 401 and 402; the United States offers them for a non-propensity purpose, to show intent; and the danger of undue prejudice does not outweigh their probative value.  See Fed. R. Evid. 404(b).

According to the United States, the first text message in the conversation's reference to "get him this time for everything," Exhibit 14, "likely refers to robbing another person," 404(b) Notice at 9.  The United States' interpretation of this phrase implicates rule 404(b).  Quintana-Pena

has not been charged with robbery in this case. Evidence that suggests Quintana-Pena robbed someone, therefore, constitutes evidence of an uncharged crime "subject to rule 404(b)'s restrictions." United States v. Aguilar, No. CR 21-0670 JB, 2024 WL 3756788, at *10 (D.N.M. Aug. 12, 2024)(Browning, J.)("Aguilar").

The first problem is that the United States has not complied with the recent updates to rule 404(b)'s notice requirement: "'The prosecution must not only identify the evidence that it intends to offer pursuant to the rule but also articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose.'" Aguilar, 2024 WL 3756788, at *8 (quoting Fed. R. Evid. 404(b) Advisory Committee Notes 2020 Amendments). The 404(b) Notice does not articulate a non-propensity purpose for which the statement "get him this time for everything" is offered; neither does it advance a relevance argument in light of a non-propensity purpose. The Court cannot ascertain, moreover, a non-propensity purpose that satisfies rule 404(b)(2). Additionally, the statement falters when it comes to satisfying the other three other prongs of the four-part test the United States Court of Appeals for the Tenth Circuit applies to determine whether evidence is admissible under rule 404(b), which, to summarize, requires that evidence is relevant, satisfies rule 403, and permits the court to issue a limiting instruction. See Aguilar, 2024 WL 3756788, at *8 (quoting United States v. Zamora, 222 F.3d 756, 762 (10th Cir. 2002)("Zamora")). The statement may be relevant, in that someone who plans to rob someone may (i) intend to steal the other person's drugs; or (ii) intend to obtain funds to finance his or her own drug-trafficking operation. In either instance, the statement is relevant, albeit weak, evidence that Quintana-Pena intended to distribute drugs.

The fatal obstacle to this statement's introduction, however, is rule 403. See Aguilar, 2024 WL 3756788, at *8 ("'[T]he trial court must make a Rule 403 determination of whether the

probative value of the similar acts is substantially outweighed by its potential for unfair prejudice.'")(quoting Zamora, 222 F.3d at 762). Given that the United States does not charge Quintana-Pena with robbery, the statement's relevance to the charged offenses of possession with intent to distribute and the two firearm offenses is minimal. The statement's potential for unfair prejudice, however, is high. The jury could view this statement about a robbery and conclude that Quintana-Pena is a bad person who deserves punishment, even if it is uncertain that he is guilty of the charged offenses. See Old Chief, 519 U.S. at 181. The Court concludes, therefore, that this evidence's primary probative value and effect "is to support inferences regarding [Quintana-Pena's] bad character," and his general inclination for criminality. Aguilar, 2024 WL 3756788, at *20. This conclusion is in line with the Court's rulings in other cases. For example, in Aguilar, a case about a sexual assault, the Court excludes evidence about an earlier incident involving the defendant, in which he barged into a shower while a woman was showering and threw clothes at her. See Aguilar, 2024 WL 3756788, at *20. This evidence, states the Court, is not factually similar to the United States' allegations, and its only probative value is to support inferences regarding the defendant's "general boorish behavior." Aguilar, 2024 WL 3756788, at *20. Similar principles influence the Court's ruling here.

As a final matter, the statement about an alleged robbery is not admissible as res gestae evidence. The United States does not advance a res gestae argument. The United States has not persuaded the Court, and the Court does not, itself, conclude, that this evidence is inextricably intertwined with the charged offenses such that "a witness's testimony would [be] confusing and incomplete without mention" of it." United States v. Ford, 613 F.3d 1263, 1267 (10th Cir. 2010). Accordingly, the Court holds that the texts in the United States' Trial Exhibit 14 are admissible pursuant to rule 404(b)(2), with the exception of the portion of the text that states, "if he does we're

| | |
|---|---|
| | going to get him this time for everything brother and ru ready yet." Nonetheless, the Court excludes the texts in this exhibit, because it is cumulative of the intent evidence in the United States' Trial Exhibits 16, 18, and 19. Exhibits 16, 18, and 19 are less prejudicial evidentiary alternatives to this exhibit. Therefore, the Court excludes this Exhibit. |
| **Description of exhibit:** June 18, 2020, Text Messages with "Gen," Exhibit 10, Trial Exhibit 15 <br><br> **Date:** June 18, 2020 <br><br> **Basis for admission:** Fed. R. Evid. 401; 402 <br><br> **Objection:** none made | This exhibit consists of thirty-three pages of text messages between the Samsung Galaxy user and "Gen." The United States highlights specifically three messages in the chain: (i) a text from SG to Gen, stating: "Dude where the fuck u at answer yes fucken phone come here to Leonard and beat the brakes off this bitch for real"; (ii) a text from Gen to SG, stating: "Hey u won't do me a favor? I jus dropped all that dope u had given me I had made it into a shot and spilled it will u hook me up wit a shot plz?"; and (iii) a text exchange in which Gen texts SG, "Go get ur AR cuz homie is almost ready," to which SG responds, "k." Exhibit 15. The United States asserts that these messages go to Quintana-Pena's intent to distribute the drugs found in his possession on July 8, 2020, and, furthermore, that the messages show that Quintana-Pena "possessed firearms in furtherance of drug trafficking, as they describe Defendant's involvement in violent disputes." 404(b) Notice at 10. The Court agrees that Gen's message to SG "will u hook me up wit a shot plz" makes it more likely that Quintana-Pena possessed the drugs with the intent to distribute them, and is admissible, therefore, pursuant to rules 401 and 402. The Court also agrees that Gen's text "Go get ur AR cuz homie is almost ready" makes it more likely that: (i) Quintana-Pena possesses the AR rifle recovered on November 19, 2020; and (ii) Quintana-Pena possesses the AR in furtherance of drug trafficking. The Court reaches this second conclusion based on the context in which Gen's message to SG appears. About two hours after Gen's message, Quintana-Pena responds: "What's up I got it á got some of those retinal pills," and then follows up by stating, "I mean fetinal pills." |

Exhibit 15.  Given that Gen's request to get the AR appears in close proximity to Quintana-Pena's response that he possesses fentanyl, a jury could permissibly infer that Quintana-Pena's possession of the gun occurs in tandem with his possession of the fentanyl.  Accordingly, the Court concludes that the second and third of the United States' highlighted texts are admissible.

The first text, however, implicates rule 404(b).  To the extent the text suggests that Quintana-Pena enlisted Gen's help to assault someone, this  uncharged bad act or crime is "subject to rule 404(b's) restrictions."  Aguilar, 2024 WL 3756788, at *10.  Accordingly, the Court applies the four-prong test governing 404(b) evidence.  First, the United States' assertion that the text shows that Quintana-Pena is involved in violent disputes, and, therefore, that he possesses firearms in furtherance of drug trafficking, is essentially a motive argument.  Quintana-Pena's motive in possessing the gun is to allow him to commit violent acts associated with his drug trafficking.  In the Court's view, the United States under-develops this argument.  The text at issue does not mention drugs, either outright or in slang.  It would be a stretch to conclude that any violent disputes in which Quintana-Pena allegedly participates are necessarily connected to his alleged drug dealing.  Even though the United States does not make this connection, the Court observes, however, that SG sends a text immediately following the text at issue, stating "Ill hook u up or whatever but come right now." Exhibit 15.  It is a plausible inference that "hook u up" refers to selling Gen drugs.  Therefore, the proximity between the violence -- come here and "beat the brakes of this bitch" -- and the reference to selling drugs arguably demonstrates Quintana-Pena's motive in possessing weapons: to enable him to commit acts of violence in connection with selling drugs.  So, the first Zamora prong is satisfied.

Proceeding to the remaining prongs, the text is relevant, because, as described above, it goes to the "in furtherance" element of 18 U.S.C.

§ 924(c)(1).    Again, the problem with this text arises with regards to the rule 403 prong.    The text's probative value as it pertains to Quintana-Pena's motive to possess a firearm in furtherance of drug trafficking is low.    While SG arguably references selling drugs to Gen, in connection with SG's request for Gen to come and commit violence, the texts do not explain that the violence has to do with a drug deal.    This inference is possible, but it is also possible that SG offers to give Gen drugs as an incentive to come over and help Quintana-Pena with a problem unrelated to drug dealing.    While this text may show that (i) Quintana-Pena sought to resolve disputes with violence, and (ii) offered drugs to his friend, it does not show that the drugs and the violence are interrelated in such a way that goes to the "in furtherance" element.

The text's probative value is low, but the associated risk of unfair prejudice is high.    Similar to the Court's conclusion about Exhibit 14, the jury could view the text's statement about "beating the brakes off" someone and conclude, based on that statement, that Quintana-Pena is a bad person who deserves punishment, even if it is uncertain that he is guilty of the charged offenses.    See Old Chief, 519 U.S. at 181.    The Court concludes, therefore, that this evidence's primary probative value and effect "is to support inferences regarding [Quintana-Pena's] bad character" and his general inclination for violence.    Aguilar, 2024 WL 3756788, at *20.    Accordingly, the Court concludes that this text fails rule 403's balancing test, and, thus, is inadmissible.

As a final matter, the statement about a potential beating is not admissible as res gestae evidence.    The United States does not advance a res gestae argument.    Accordingly, the United States has not persuaded the Court, and the Court does not, itself, conclude, that this evidence is inextricably intertwined with the charged offenses such that "a witness's testimony would [be] confusing and incomplete without mention" of it." United States v. Ford, 613 F.3d 1263, 1267 (10th Cir. 2010).    Accordingly, the Court holds that the

| | |
|---|---|
| | United States' Trial Exhibit 15 is admissible pursuant to rule 404(b)(2), with the exception of the portion of the texts that states, "and beat the brakes off this bitch for real." Nonetheless, the Court excludes this evidence, because it is cumulative of the intent evidence in the United States' Trial Exhibits 16, 18, and 19. Exhibits 16, 18, and 19 are less prejudicial evidentiary alternatives to this exhibit. Therefore, the Court excludes it. |
| **Description of exhibit**: June 19, 2020, Messages with "Joe Lo," Exhibit 11, Trial Exhibit 16<br><br>**Date:** June 19, 2020<br><br>**Basis for admission:** Fed. R. Evid. 401; 402<br><br>**Objection:** none made | This exhibit is a text conversation between the Samsung Galaxy user and "Joe Loe." The United States highlights several of the texts in the conversation. First, SG texts Loe: "Come to that house that my chick lives at brother k," to which Loe responds, "Which one." Exhibit 16. SG answers, "1844 Paseo De Enrique, Santa Fe, NM 87505, USA," and includes a Google Maps link. Exhibit 16. Second, the United States highlights an exchange in which Loe texts SG, asking: "Do you have clear." Exhibit 16. SG responds: "A lil bit," and goes on to send Loe the same address from the previous next, 1844 Paseo De Enrique. Exhibit 16. The first text is admissible pursuant to rules 401 and 402, because it makes it more likely that Quintana-Pena was present at the house where law enforcement located drugs on November 19, 2020, on previous occasions. This fact, in turn, leads to the inference that Quintana-Pena possessed the drugs in the Paseo De Enrique house.<br><br>The second message -- the exchange in which Loe asks SG about "clear" -- is also admissible. This exchange occurs in June 2020, well before November 19, 2020, which, according to the indictment, is the date upon which Quintana-Pena possessed methamphetamine with the intent to distribute it. This text is admissible, nonetheless, pursuant to the four-part <u>Zamora</u> test. First, the United States offers it for a non-propensity purpose, namely, as evidence of intent to distribute drugs. <u>See</u> Fed. R. Evid. 404(b)(2). Second, the evidence is relevant, because it makes it more likely that Quintana-Pena was in the drug-dealing business. Third, the evidence passes the |

| | |
|---|---|
| | rule 403 balancing test; it's probative value is high, because it recounts an offer to sell drugs to someone, and the risk of unfair prejudice -- here, the character-propensity inference -- does not substantially outweigh its probative value, especially because the Court may instruct the jury to consider the text only as evidence of Quintana-Pena's motive. Accordingly, the Court holds that Exhibit 16 is admissible. |
| **Description of exhibit:** June 18, 2020, Text Messages with "Leonard," Exhibit 12, Trial Exhibit 17<br><br>**Date:** June 18, 2020<br><br>**Basis for admission**: Fed. R. Evid. 401; 402; 404(b)(1)<br><br>**Objection**: none made | This exhibit is a series of text messages between the Samsung Galaxy's user and "Leonard," beginning on June 18, 2020. The first message, from SG to Leonard, states:<br><br>Dang fool u act real brand new like a lil bitch almost around that scarvra I'm yr homie so I'm gonna tell u how it is if yr going to pick this lousy ass bitch over yr homie to where yr going to steal from me and everything well it's not going to b for u especially not that bitch she it's going to get fucked up next time I go by I put that and u need to pay me Back for what u took from me cause that's not cool what u did<br><br>Exhibit 17. Leonard responds, denying that he robbed SG, but SG states:<br><br>Y did I watch the camera and saw u brother really maybe you got it on accident but I saw brother u know I would never accuse u of shit like that but I saw u that's what's bugging the fuck out of me cause u have that lil bitch there that robbed me last time like I put that g I'll b bye with some bitches to smash that dumb bitch and if u want to give her skina that's what's up go ahead |

Exhibit 17.  The other message in the exhibit that mentions violence, from SG to Leonard, states, in part: if that's the case then keep that lousy bitch but she is going to get fucked  up next time I go home bellerive that brother."  Exhibit 17.

The United States asserts that this exhibit's messages "tend to show the violence inherent in drug trafficking and the potential motive for the Defendant to possess firearms."  404(b) Notice at 11.  The Court agrees that these messages satisfy the Zamora test for rule 404(b) admissibility.  As an initial matter, these texts fall within rule 404(b)'s purview, because they are prior bad acts -- threats.  Counts 1, 2, and 3 of the Indictment all stem from Quintana-Pena's encounter with Espanola police officers on July 8, 2020; the police approached him as he slept in a grey Nissan, and discovered heroin in the car.  See Memorandum Opinion and Order ¶ 2-3, at 4, filed August 30, 2024 (Doc. 105)("MOO").  Text messages that Quintana-Pena allegedly sends on June 18, 2020, precede, therefore, the date of his initial arrest.

Proceeding to the 404(b) analysis, the Court concludes as follows.  First, the United States offers the texts for a non-propensity purpose, motive.  The motive at issue is why Quintana-Pena might possess firearms, and whether he does so in furtherance of a drug-trafficking crime, as § 924(c)(1)(A)(i) requires.  Second, the texts in this exhibit are relevant.  They discuss SG's frustration about being robbed.  A jury could infer that the stolen effects about which Quintana-Pena complains are drugs.  The texts make it more likely, therefore, that Quintana-Pena possessed drugs.  Third, the texts' potential for unfair prejudice does not outweigh its probative value.  Unlike Exhibit 15's first text (from SG to Gen), which does not mention drugs or theft, the texts at issue in this exhibit revolve around stolen property and the consequences that the SG user threatens as a result of the theft.  So, the inference that the violence the texts discuss is connected to drug dealing is stronger here.  The stronger inference leads to a higher probative value, and the

| | |
|---|---|
| | higher the probative value, the more difficult it is to fail 403 balancing. The Court is still concerned that the danger for unfair prejudice is high, because these texts allegedly show that Quintana-Pena threaten violence, and the United States has not charged Quintana-Pena with a violent crime, but the Court concludes they pass the 403-balancing test. The Court is willing, moreover, to issue a limiting instruction upon request to remind the jury that it cannot consider the texts for a character-propensity purpose. Accordingly, the Court holds that Exhibit 17 is admissible pursuant to rule 404(b)(2). Nonetheless, the Court excludes this evidence, because it is cumulative of the intent evidence in the United States' Trial Exhibits 16, 18, and 19. Exhibits 16, 18, and 19 are less prejudicial evidentiary alternatives to this Exhibit. Therefore, the Court excludes this Exhibit. |
| **Description of exhibit:** Text Messages with "Q Teresa," dating from June 30, 2020, to July 6, 2020, Exhibit 13, Trial Exhibit 18.<br><br>**Date**: June 30, 2020-July 6, 2020<br><br>**Basis for admission:** Fed. R. Evid. 401; 402; 404(b)(1)<br><br>**Objection**: none made | This exhibit contains a series of text messages from the Samsung Galaxy's user to "Q Teresa." The conversation appears to depict a buyer-seller relationship, with Q Teresa asking SG to meet up with her, telling SG she needs "a qarter the same thing I always get," and asking him, "how much is a half instead of a quarter." Exhibit 18. In response to these kinds of inquiries, SG sends her a Google Maps link to 1844 Paseo De Enrique, and, later, states that he "got robbed for 8000 dollars" and won't be "fronting anyone." Exhibit 18. These texts are admissible pursuant to rule 404(b) and the Zamora test. The United States offers them as evidence of Quintana-Pena's intent to sell drugs, which is a permissible purpose of other-bad-acts evidence. The texts are relevant, because they evince a buyer-seller relationship where Quintana-Pena is the alleged seller. They pass the rule 403 balancing test, because their probative value is very high, in light of the texts' fairly obvious references to drug quantities and prices. Accordingly, the Court holds that Exhibit 18 is admissible. |

| | |
|---|---|
| **Description of exhibit:** June 18, 2020, Text Messages with Ruben, Exhibit 14, Trial Exhibit 19<br><br>**Date**: June 18, 2020, through July 7, 2020<br><br>**Basis for admission:** Fed. R. Evid. 401; 402; 404(b)(1)<br><br>**Objection**: none made | This exhibit's text messages are substantially similar in their character to the preceding exhibit's text messages. They are a conversation between Ruben and SG that appears to be about buying and selling drugs. <u>See</u> Exhibit 19. Ruben asks repeatedly where SG is, and where they can meet. <u>See</u> Exhibit 19. SG sends him, in response, the Paseo De Enrique address. <u>See</u> Exhibit 19. SG asks Ruben what he needs, and Ruben responds, "30 b and 10 c," which, presumably, the United States will argue is a coded reference to different types of drugs. Exhibit 19. Accordingly, the Court holds that Exhibit 19 is admissible, and adopts its reasoning for the preceding exhibit as applicable here. |
| **Description of exhibit:** Facebook Photograph, Exhibit 15, Trial Exhibit 20<br><br>**Date:** August 1, 2018<br><br>**Basis for admission:** Fed. R. Evid. 401; 402; 404(b)(1)<br><br>**Objection**: none made | This is an exhibit depicting Quintana-Pena taking of a picture of himself without a shirt, with a gun in his waistband, in front of a mirror. The picture originates from Quintana-Pena's Facebook page, and is dated August 1, 2018. The United States asserts that the photograph is admissible to demonstrate that Quintana-Pena knowingly possessed firearms. 404(b) Notice at 12. This exhibit is not admissible, because it fails the rule 403 <u>Zamora</u> prong. First, the United States offers the picture to prove knowledge, a permissible purpose pursuant to 404(b)(2). Second, the picture is relevant, but its relevance stems from an impermissible propensity inference: Quintana-Pena possessed guns in the past -- seven years ago, in 2018 -- and, therefore, is more likely to possess them in the future, namely, on the dates the Indictment alleges he possessed them. The danger of unfair prejudice to Quintana-Pena is consequently, extremely high. The Indictment focuses on Quintana-Pena's alleged possession of firearms on July 8, 2020, and November 19, 2020. A photograph from 2018 is much too old be probative of whether Quintana-Pena possessed firearms on those dates. It is very probative, however, of the notion that Quintana-Pena is the sort of man who enjoys guns and possesses them. |

This is exactly the type of inference that rule 404(1) seeks to avoid. Introducing this photo has the potential to skew the jury's regret matrix and make it easier for them to convict him of the charged offenses based on his seven-year-old propensity to carry firearms around. Accordingly, the Court holds that the picture's potential for unfair prejudice substantially outweighs its probative value, and deems it inadmissible pursuant to rule 403.

| | |
|---|---|
| **Description of exhibit:** Facebook Messages Between Tamra Wallace and Quintana-Pena, Exhibit 16, Trial Exhibit 50.<br><br>**Date:** November 12, 2020, through November 20, 2020<br><br>**Basis for admission:** Fed. R. Evid. 401; 402; 404(b)(2)<br><br>**Objection:** none made | This exhibit contains communications between Tamra Wallace and Quintana-Pena made via Facebook Messenger and over text message. The exhibit originates from a silver LGE cellular telephone that Federal Bureau of Investigation ("FBI") agents found in the bedroom Quintana-Pena shared with Wallace. The United States asserts that the phone belongs to Wallace. The United States highlights six messages in particular. In the first message, Wallace sends Quintana-Pena a message referring to "our bedroom door." Exhibit 50. In the second message, Wallace sends Quintana-Pena a message communicating her frustration that his absence on a particular occasion left her unable to provide "dope" to potential buyers. Exhibit 50. In the third message, Quintana-Pena responds, stating, in part: "Ok so if it's like that all bout the dope which it usually is with u im glad yr good and I guess im Gonna have to go and say that no we probably won't talk later . . . ." Exhibit 50. In the fourth message, Wallace responds, explaining that the reason she was "bugging" so much was "because I wanted to get a product." Exhibit 50. In the fifth message, Wallace sends Quintana-Pena another message, and elaborates that "I dont want US to have any problems. Im good with you. I love you. I will |

| | make sure that dope is not a problem for you n i!" Exhibit 50. The final message the United States highlights is Quintana-Pena's message to Wallace after an argument, stating, in part, "I'll b by in a while to start packing my shit k." Exhibit 50. |
| | This exhibit is admissible pursuant to Zamora's rule 404(b) test. First, the United States offers this prior-act evidence to prove Quintana-Pena's intent to distribute the methamphetamine that federal agents discovered in the Paseo de Enrique home. This is a permissible purpose for prior-bad-acts evidence, pursuant to rule 404(b)(2). See Fed. R. Evid. 404(b)(2). Second, the evidence is relevant, because it explicitly refers to Quintana-Pena's distribution of "dope." Exhibit 50. Third, its probative value is high for the same reason: Wallace and Quintana-Pena discuss selling dope. The danger for unfair prejudice is low, because the messages are close in time to when law enforcement arrests Quintana-Pena. Consequently, the jury is less likely to use this evidence as character-propensity evidence, and is more likely to use it to evaluate Quintana-Pena's actual guilt or innocence regarding the November 19, 2020, charges. Accordingly, the Court holds that this evidence is admissible, pursuant to rules 401, 402, and 404(b)(1). |

**IT IS ORDERED** that the United States' request to admit the evidence described in the United States' First Amended Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) and Res Gestae, filed December 18, 2024 (Doc. 145), is granted in part and denied in part.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Alex M. M. Uballez
  United States Attorney
David B. Hirsch
Nicholas Blake
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Brian A. Pori
Albuquerque, New Mexico

*Attorney for the Defendant*